UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHIDI EMMANUEL MEGWA,

                Petitioner,

    v.

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT
FIELD OFFICE DIRECTOR,

                Respondent.

CASE NO. 2:23-cv-01881-BHS-GJL

REPORT AND RECOMMENDATION

Noting Date: April 19, 2024

Petitioner Chidi Emmanuel Megwa initiated this 28 U.S.C. § 2241 immigration habeas action *pro se* to obtain release from detention. Dkt. 1. On March 6, 2024, Respondent filed a Notice of Factual Update, informing the Court that, on March 5, 2024, an Immigration Judge ("IJ") granted a change in custody status to Petitioner and ordered that he be released under a bond of $20,000. Dkt. 16; Dkt. 16-1 (IJ Order, Mar. 5, 2024). Respondent added that, at the time of the Notice's filing, Petitioner had not yet posted bond and remains detained. Dkt. 16 at 1. As a result, on March 8, 2024, the Court issued an Order directing the parties to show cause why the habeas Petition should not be dismissed as moot. Dkt. 17. Petitioner responded on March 25,

2024, requesting an extension of time while he seeks to have his bond amount lowered by the IJ. Dkt. 18. However, on March 28, 2024, Respondent filed a Response indicating that Petitioner had in fact been released from custody on bond on March 25, 2024. Dkt. 19; *see also* Dkt. 19-1, Ex. A (Notice of Release from Custody).

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas Petition seeks only release from detention, his claims have been fully resolved. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas Petition should be dismissed as moot. *See id.*

The Court thus recommends that the Government's Motion to Dismiss (Dkt. 6) be **GRANTED** and this action be **DISMISSED without prejudice**. Any pending Motions should also be **DENIED as moot**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

//

//

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 19, 2024, as noted in the caption.

Dated this 1st day of April, 2024.

                                      Grady J. Leupold
                                      United States Magistrate Judge

NOTING DATE: APRIL 19, 2024 - 3